UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**TESORO REFINING & MARKETING COMPANY LLC, MARATHON PETROLEUM COMPANY LP,**

    *Plaintiffs*,

v.

**AK, INC., REBEL LAND AND DEVELOPMENT, LLC, SAMMER ANABI, RAWA ANABI,**

    *Defendants*.

Case No. 5:25-CV-01787-JKP

## ORDER

Before the Court is Plaintiffs Tesoro Refining & Marketing Company LLC and Marathon Petroleum Company LP's Motion to Strike Defendants' Response to Plaintiffs' Application for Declaratory and Injunctive Relief (the "Motion"). *ECF No. 14*. Upon consideration, Plaintiffs' Motion, (*ECF No. 14*), is **DENIED**.

To begin, the Court notes on December 18, 2025, the Court expedited setting a hearing, currently set for **tomorrow, January 8, 2026, at 1:00 PM**, on Plaintiffs' Application for Declaratory and Injunctive Relief. *See ECF Nos. 2, 5, 6, 9*.

In the instant Motion, Plaintiffs now argue that—due to Defendants untimely filing of their Response to Plaintiffs' Application for Declaratory and Injunctive Relief—Plaintiffs "are left with two days to address Defendants' arguments." *ECF No. 14 at 7*. To obtain preliminary injunctive relief, a movant must unequivocally show:

>   (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest.

*Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252–53 (5th Cir. 2009) (cleaned up); *accord Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974). The United States Court of Appeals for the Fifth Circuit "has repeatedly cautioned that [relief] should not be granted unless the seeking party has clearly carried the burden of persuasion on all four requirements." *Voting for Am., Inc. v. Steen*, 732 F.3d 382, 386 (5th Cir. 2013) (cleaned up). Thus, at the hearing, currently set for **tomorrow, January 8, 2026, at 1:00 PM**, Plaintiffs as movants have the burden to obtain preliminary injunctive relief—irrespective of a defendant's response brief.

Notably, in the instant Motion, Plaintiffs do not request a continuance of the hearing but instead request the Court strike Defendants' Response to Plaintiffs' Application for Declaratory and Injunctive Relief. *See, generally, ECF No. 14*. Motions to Strike, however, are a disfavored response to a late response.[1] Under Federal Rule of Civil Procedure 12(f), the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). And "[m]otions to strike under Rule 12(f) are not authorized to be filed against other motions, only pleadings."[2] Further, "[a]s a general matter, motions to strike are disfavored and disserve the interest of judicial economy." *Cooper v. Dallas Police Ass'n*, No. 3:05-CV-01778, 2013 WL 1787564, at *6 (N.D. Tex. Apr. 5, 2013). Plaintiffs leave these issues

---

[1] *Considerate Com. Inc. v. ISP Elecs. LLC*, No. 3:23-CV-02140, 2024 WL 3251722 (N.D. Tex. June 5, 2024), *R. & R. adopted*, No. 3:23-CV-02140, 2024 WL 3092443 (N.D. Tex. June 21, 2024).
[2] *Burnett v. ARCCA Inc.*, Civ. A. No. 15-1214, 2016 WL 828151, at *4 (W.D. La. Feb. 25, 2016) (collecting cases); *see also id.* at *3–4 (examining Federal Rules of Civil Procedure 7(a) and 7(b), which, respectively, define pleadings and motions, and concluding that a motion to dismiss "does not fit within Rule 7(a)'s exhaustive list of pleadings" and is instead "a request under Rule 7(b) for a court order").

unaddressed in the instant Motion.

Accordingly, Plaintiffs' Motion, (*ECF No. 14*), is **DENIED**. To the extent Plaintiffs wish to file their reply brief prior to the hearing, currently set for **tomorrow, January 8, 2026, at 1:00 PM**, they are free to do so or may make their arguments in person.

It is so ORDERED.
SIGNED this 7th day of January, 2026.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE